**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0267-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

T.J.D.

    Defendant-Appellant.

_____

Submitted April 25, 2017 — Decided June 14, 2017

Before Judges Gilson and Sapp-Peterson.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Indictment No.
07-03-0576.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated Counsel,
on the brief).

Robert D. Bernardi, Burlington County Prosecutor,
attorney for respondent (Jennifer Paszkiewicz,
Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant T.J.D. appeals from the Law Division order denying

his petition for post-conviction relief (PCR) without conducting

an evidentiary hearing. We affirm, substantially for the reasons expressed by Judge Terrence R. Cook, in his comprehensive and well-reasoned June 17, 2014 written opinion.

I.

Defendant's convictions arose out his sexual assaults of his two young children J.D., his daughter, and T.D., his son. A Burlington County Grand Jury, in a ten-count indictment, charged defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (Count One); second-degree attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(a)(1) (Count Two); four counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b) (Counts Three, Four, Six and Seven); two counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (Counts Five and Eight); third-degree aggravated assault of a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a) (Count Nine); and, third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a) (Count Ten).

Following a three-day trial, the jury found defendant guilty of all charges. At sentencing, the court imposed an aggregate forty-nine year custodial sentence, with an eighty-five percent parole disqualifier, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 on certain offenses. The court also imposed fines and penalties and ordered defendant to comply with all

applicable provisions of Megan's Law, N.J.S.A. 2C:7-1 to -23, including parole supervision for life in connection with Counts One, Two, Three, Five, Six, Seven and Eight.

On direct appeal, defendant challenged various evidentiary rulings made by the trial court, the constitutionality of N.J.S.A. 2C:14-2(a)(1), the validity of the endangerment convictions, and the sentences imposed, which defendant claimed were excessive. We affirmed the convictions and sentences imposed. State v. T.J.D., No. A-0041-10 (App. Div. October 11, 2012). The Supreme Court denied certification. State v. T.J.D., 213 N.J. 537 (2013).

In May 2013, defendant, appearing pro se, filed his first petition seeking PCR based upon his claim of ineffective assistance of counsel in six areas: (1) trial counsel's failure to hire an investigator to assist in pre-trial investigation and preparation of his defense; (2) trial counsel's failure to investigate his work records, which would show that he worked nights and, therefore, could not have been home at night as alleged; (3) trial counsel's failure to retain an expert to address the significance of the lack of physical evidence; (4) trial counsel's failure to consult or hire an expert in the area of child psychology; (5) trial counsel's failure to investigate, interview, and call critical witnesses to rebut evidence presented by the State; and, (6) trial counsel's failure to present to the prosecutor his

willingness to enter into a stipulation and take a polygraph.

After defendant was appointed assigned counsel, his attorney filed a formal brief in support of defendant's pro se petition. In addition to incorporating defendant's points advanced in support of PCR, PCR counsel raised additional points, arguing that defendant was denied the effective assistance of counsel due to: (1) trial counsel's failure to challenge the testimony of J.D., the State's key witness, with her prior recantation and also challenge her testimony pursuant to State v. Michaels, 136 N.J. 299 (1994); (2) trial counsel's failure to call the doctor who examined J.D. and found no physical evidence of sexual assault; and (3) trial counsel's cumulative errors.

The PCR judge conducted oral argument and subsequently issued a written opinion, rejecting all of defendant's claims. The present appeal followed.

On appeal, defendant raises one point:

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

We disagree.

II.

To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693). In so doing, "a defendant must overcome a strong presumption that counsel rendered reasonable professional assistance." Ibid. Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense. 'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 279-80 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

"A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief[.]" R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood

that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158, (emphasis added) cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).

Examined under the lens of this precedent, most of defendant's claims related to trial counsel's performance center around trial strategy decisions. Trial strategy must be objectively reasonable, not successful. See State v. Castagna, 187 N.J. 293, 314-15 (2006). "'[J]udicial scrutiny of counsel's performance must be highly deferential[,]'. . . [and] must avoid second-guessing defense counsel's tactical decisions . . . under the 'distorting effects of hindsight.'" Marshall, supra, 148 N.J. at 157, (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694). Merely because the trial strategy employed fails to achieve the desired result does not mean that counsel was ineffective. See, e.g., State v. Davis, 116 N.J. 341, 360 (1989).

In his certification, which the PCR judge credited, trial counsel explained the rationale for his trial strategy. The PCR judge concluded that the manner in which trial counsel cross-examined J.D., who was nine years old at the time she testified, reflected a "well[-] thought[-]out," strategic decision to not pursue aggressive "cross-examination" of J.D. PCR counsel argued that J.D. should have been confronted with recantations of her

allegations contained in the records of the New Jersey Division of Child Protection and Permanency (Division).

As the PCR judge observed, however, trial counsel elicited inconsistencies between J.D.'s testimony and the statement he gave to the police. Consequently, even without confronting J.D. with the Division's record, trial counsel was able to challenge J.D.'s credibility without opening the door for the State to present other evidence in the Division's records, which PCR counsel acknowledged would have been damaging to defendant. We agree, as the PCR judge concluded, trial counsel exhibited sound and reasonable trial strategy in this regard.

Addressing defendant's claim that trial counsel was ineffective for failing to ask for a Michaels hearing to assess the trustworthiness of J.D.'s statements to Dr. Cindy DeLago of the New Jersey Cares Institute, who examined J.D. following the disclosure of the sexual assault, the court noted the record demonstrated that trial counsel raised the Michaels issue during an evidentiary hearing before the trial court. Additionally, the court pointed out that Dr. Delago did not testify at the trial and J.D.'s statement to her was never introduced into evidence. Thus, the PCR judge reasoned that defendant suffered no prejudice as a result of his daughter's statement to Dr. DeLago. The record supports this conclusion.

A-0267-14T4

In finding that trial counsel was not ineffective for failing to produce Dr. DeLago to testify relative to the absence of any physical evidence of sexual assault, the court found that had the doctor testified, her testimony could have been used to open the door to the doctor recounting the explicit details of the sexual abuse suffered by J.D. and T.D. The PCR judge concluded that "trial counsel had sound reason to not introduce such damaging evidence into trial." Further, the judge observed that trial counsel through the direct examination of J.D. was able to emphasize the lack of physical evidence and, during summation, "skillfully argued" the lack of physical evidence of any disturbance, stretching, or abrasion of J.D.'s hymen. These findings are also supported by the record.

Defendant additionally urged that trial counsel's cumulative errors justified relief. However, as the PCR judge observed, defendant's petition failed to specifically "assert what those errors are."

Finally, defendant claimed that trial counsel was ineffective because he failed to hire an investigator to assist in pre-trial investigation and defense preparation. Defendant advanced this claim without proffering how a defense investigator would have changed the outcome of the trial. "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert

the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.) (citing R. 1:6-6), certif. denied, 162 N.J. 199 (1999). Defendant failed to meet these requirements.

Our de novo review of the record, in a light most favorable to defendant, discloses no materially disputed facts that would justify conducting an evidentiary hearing. Because defendant failed to establish a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION